IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **RAYMOND L. JONES,** on behalf of himself, and all other plaintiffs similarly situated, known and unknown, <br><br> Plaintiff, <br><br> v. <br><br> **COOK COUNTY GOVERNMENT LE, D/B/A STROGER HOSPITAL OF COOK COUNTY** <br><br> Defendant. | **N<u>o.</u>** 18-cv- <br><br> Honorable Judge <br><br> Magistrate Judge <br><br> *JURY DEMAND* |

## COMPLAINT

NOW COMES Plaintiff, **RAYMOND L. JONES**, on behalf of himself and all other Plaintiffs similarly situated, by and through his attorneys, JOHN W. BILLHORN AND SAMUEL D. ENGELSON, and for his Complaint against Defendant **COOK COUNTY GOVERNMENT LE, D/B/A STROGER HOSPITAL OF COOK COUNTY,** states as follows:

### I.  NATURE OF ACTION

1. This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.*, the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*, and the Chicago Minimum Wage Ordinance ("CMWO"), § 1-24-10 of the Municipal Code of Chicago.

### II.  JURISDICTION AND VENUE

2. Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206-207, the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.*, and for the supplemental Illinois statutory claim and municipal claim, pursuant to 28 U.S.C. §1367. Venue lies in the Northern District of Illinois in that during all times relevant to the employment relationship, Plaintiff

performed work in this district and is a resident of this district and Defendant is or was engaged in business in this district.

### III. THE PARTIES

3. Defendant, **COOK COUNTY GOVERNMENT LE D/B/A STROGER HOSPITAL OF COOK COUNTY D/B/A/ STROGER HOSPITAL** (herein referred to as "Defendant" or "Stroger Hospital"), operates a public hospital that provides emergency and medical services to patients in the City of Chicago, Cook County and beyond. Defendant, **COOK COUNTY GOVERNMENT LE D/B/A STROGER HOSPITAL OF COOK COUNTY D/B/A STROGER HOSPITAL,** is an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of Section 29 U.S.C. §203(s)(1)(A)(i) and based upon information and belief formed after reasonably inquiry, satisfies the minimum annual gross sales dollar amount required by 29 U.S.C. §203(s)(1)(A)(ii). During all relevant times, Defendant was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiffs and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

4. Plaintiff, **RAYMOND L. JONES** (hereinafter referred to as "Plaintiff")**,** is a current hourly employee of Defendant who performs respiratory therapy services and other related healthcare duties to hospital patients under the direction of Defendant's management and who works over 40 hours in some weeks without compensation at a rate of one and one-half his regular rate of pay for all such hours. All other unnamed Plaintiffs known and unknown (hereinafter referred to as "members of the Plaintiff Class" or "similarly situated Plaintiffs"), are past or present hourly employees who work or worked for Defendant and were also not paid an overtime premium at a rate of one and one-half their regular rates of pay for hours worked in excess of 40 in a workweek. As an employee performing duties for an enterprise engaged in commerce, the named

Plaintiff and all members of the Plaintiff Class were also engaged in commerce as defined by the FLSA.

5. The claims brought herein by the named Plaintiff are identical or similar to the claims of other past and present employees who were subject to the non-compliant policies and practices alleged herein.

6. The non-compliant practices as alleged herein were part of a variety of practices and policies implemented and maintained by Defendant and are common to a group or "class" of past and present hourly employees. Those past and present hourly employees are entitled to receive Notice of these proceedings and afforded opportunity to join their individual claims.

## IV. STATUTORY VIOLATIONS

### Collective Action Under The Fair Labor Standards Act

7. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is brought by Plaintiff as an opt-in representative or collective action, on behalf of himself and other Plaintiffs similarly situated who have been damaged by Defendant's failure to comply with 29 U.S.C. §201 *et seq.* and §251 *et seq.* Count II alleges a willful violation of the FLSA and seeks an additional third year of limitations. Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260.

### Illinois Minimum Wage Law

8. Pursuant to the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*, Count IV of this action is brought by Plaintiff to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count IV.

**Chicago Minimum Wage Ordinance**

9. Pursuant to the Chicago Minimum Wage Ordinance ("CMWO"), § 1-24-10 of the Municipal Code of Chicago, Count V of this action is brought by Plaintiff to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count V.

## V. FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS

10. Plaintiff at all times pertinent to the cause of action was employed by Defendant, said employment being integral and indispensable to Defendant's business.

11. Plaintiff, and members of the Plaintiff Class, on a regular basis worked in excess of forty (40) hours in a workweek without pay at a rate of time and one-half for all such hours pursuant to the requirements of the federal, state and municipal statutes herein relied upon.

12. Plaintiff, and members of the Plaintiff Class, were paid bi-monthly for two work weeks each. Defendant placed Plaintiff, and members of the Plaintiff Class, on staggered, unbalanced schedules such that they worked fewer than 40 hours in one work week of the pay period and more than 40 hours the other work week. However, Defendant paid only for overtime hours worked in excess of 80 in two-week period instead of properly paying overtime for hours worked in excess of 40 in each individual work week within the two-week pay period.

13. For example, within a two-week pay period, Plaintiff worked 36 hours in one week, and 48 in the other, for a total of 84 hours. However, Plaintiff was only paid overtime for four (4) hours that exceeded 80 hours in a two-week period rather than the 8 hours worked in excess of 40 in the second work week of the pay period. Defendant failed to pay Plaintiff four (4) hours of overtime.

14. Defendant engaged in a scheme to underpay Plaintiff, and members of the Plaintiff Class, overtime premiums by staggering the workload across two work weeks, and paying Plaintiff, and members of the Plaintiff Class, bi-monthly based on 80-hour periods to make it appear that they worked fewer overtime hours than actually performed.

15. The Defendant's unlawful pay structure has resulted in Plaintiff, and members of the Plaintiff Class, being paid significantly fewer overtime hours and has enabled Defendant to pay reduced overtime hours to avoid the maximum hours provision of the FLSA. Defendant has failed and continues to fail to fully compensate Plaintiff and members of the Plaintiff Class.

16. The claims brought herein by the named Plaintiff are identical or similar to the claims of other past and present employees who were subject to the non-compliant policies and practices alleged herein. Those past and present employees are entitled to receive Notice of these proceedings and afforded opportunity to join their individual claims.

17. The total amount of hours worked by Plaintiff and members of the Plaintiff Class, and therefore the total number of overtime hours for which additional compensation is owed, is information that is substantially, if not completely, within the control and possession of Defendant, in that Defendant recorded or should have recorded such hours pursuant to the record keeping requirements found Title 29 CFR, Part 516.

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

1-17. Paragraphs 1 through 17 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 17 of this Count I.

18. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, and the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.,* the named Plaintiff, and all other Plaintiffs similarly situated, known and unknown, are entitled to compensation for all hours worked and compensation at a rate not less than one and one-half times the regular rate of pay for all hours worked in excess of forty (40) hours per workweek in any week during the two (2) years preceding the filing of this action.

19. Defendant has, during certain times relevant hereto, failed and refused to pay compensation to their employees, including the named Plaintiff, and all other Plaintiffs similarly situated, known and unknown, as described above.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) awarding back pay equal to the amount of all unpaid overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b) awarding prejudgment interest with respect to the total amount of unpaid overtime compensation;

(c) awarding Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendant's violations of the Fair Labor Standards Act; and,

(d) for such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-19. Paragraphs 1 through 19 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 19 of Count II.

20. Defendant's actions as complained of above were done with Defendant's knowledge that the compensation policies and practices at issue were in violation of the statutes alleged, or with a reckless disregard for whether or not the policies and practices were in violation of those statutes. Through legal counsel as well as industry experience and custom, Defendant possessed ample access to the regulations and statutory provisions relating to salary classification under the state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

21. Pursuant to the Fair Labor Standards Act, Plaintiff and all other employees similarly situated, past or present, are entitled to compensation at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40), in the three (3) years preceding the filing of this complaint.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) awarding back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b) awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

(c) awarding Plaintiff's reasonable attorneys' fees and Court costs incurred as a result of Defendant's violation of the Fair Labor Standards Act; and

(d) for such additional relief the Court deems appropriate under the circumstances.

## COUNT III

## LIQUIDATED DAMAGES
## UNDER THE FAIR LABOR STANDARDS ACT

1-21. Paragraphs 1 through 21 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 21 of Count III.

22. In denying the named Plaintiff and members of the Plaintiff Class compensation as described above, Defendant's acts were not based upon good faith or reasonable grounds. Through legal counsel as well as industry experience and custom, Defendant possessed ample access to the regulations and statutory provisions relating to salary classification under the state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

23. The named Plaintiff and all other past and present employees similarly situated, known and unknown, are entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) awarding liquidated damages equal to the amount of all unpaid compensation;

(b) awarding Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendant's violation of the Fair Labor Standards Act; and

(c) for such additional relief the Court deems appropriate under the circumstances.

## COUNT IV

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-23. Paragraphs 1 through 23 of Count III are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 23 of this Count IV.

24. As described in the foregoing paragraphs, Defendant's compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS §115/1 *et seq.*

25. The Illinois Minimum Wage Law provides that an employer who fails to pay the required amount of wages due an employee under the law shall be liable to the underpaid employee or employees for the unpaid wages and for an additional penalty in the amount of 2% of the amount of such underpayments for each month following the date such underpayments remain unpaid.

26. Defendant's failure to pay compensation as described above, has been willful and/or in bad faith.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) declaring and decreeing Defendant's compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Minimum Wage Law;

(b) awarding an amount of damages, to be shown by the evidence, to which Plaintiff and other members of the Plaintiff Class are entitled;

(c) allowing this Court to retain jurisdiction of the case until such time it is assured Defendant have remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

(d) directing Defendant to pay to Plaintiff's reasonable attorneys' fees, costs, and litigation expenses, as provided by statute;

(e) for such additional relief the Court deems just and appropriate under the circumstances.

## COUNT V

### SUPPLEMENTAL MUNICIPAL CLAIM
### VIOLATION OF THE CHICAGO MINIMUM WAGE ORDINANCE

1-26. Paragraphs 1 through 26 of Count IV are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 26 of this Count V.

27. Plaintiff, and members of the Plaintiff Class, was an "employee" under the CMWO§ 1-24-10 of the Municipal Code of Chicago and was not exempt from the overtime wage provisions of the CMWO § 1-24-050.

28. Defendant is an "employer" as defined in the CMWO§ 1-24-10.

29. Under § 1-24-040, for all weeks during which Plaintiff and members of the Plaintiff Class worked more than forty (40) hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

30. Defendant's failure and refusal to pay any overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the § 1-24-040.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff and members of the Plaintiff Class worked in excess of forty (40) hours per week;

(b) Statutory interest damages in the amount of three times the amount of unpaid overtime;

   (c)  Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

   (d)  Such other and further relief as this Court deems appropriate and just.

               Respectfully submitted,

               *Electronically Filed 11/15/2018*

               /s/ John W. Billhorn
               _____
               John William Billhorn

               Attorney for Plaintiff, and all other Plaintiffs similarly situated, known or unknown.
               BILLHORN LAW FIRM
               53 West Jackson Blvd., Suite 840
               Chicago, IL 60604
               (312) 853-1450